United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § § § § § § § § | |
| v. | | Case No. 4:10-cr-00790 |
| Jose Manuel Zuniga | | |

## ORDER DENYING MOTION TO APPOINT COUNSEL

On March 14, 2024, Defendant Jose Manuel Zuniga filed a motion requesting appointment of counsel to assist his pending request for a sentencing reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines § 4A1.1. *See* Dkt. 583 (motion to reduce sentence); Dkt. 584 (motion to appoint counsel). Defendant, acting *pro se*, previously sought and obtained a reduction of his sentence based on a retroactive change to the relevant sentencing range. *See* Dkt. 552 (Nov. 4, 2015 motion); Dkt. 556 (Oct. 31, 2017 order reducing sentence from 292 to 255 months). In his current motion for reduction of sentence under Section 3582, Defendant invokes U.S.S.G. § 4C1.1, which applies to offenders assessed zero criminal history points at sentencing. *See* Dkt. 583.

The Sixth Amendment right to counsel does not extend to post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no right to

court appointed counsel for post-conviction proceedings); *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceedings). The Court can appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). But "[t]he interests of justice do not require that counsel be appointed where a 'defendant's motion does not involve complicated or unresolved issues' or where a defendant proves capable of representing himself pro se." *United States v. Munoz*, 2024 WL 1119416, at *1 (S.D. Tex. Mar. 13, 2024) (quoting *United States v. Joseph*, 2020 WL 3128845, at *2 (E.D. La. June 12, 2020)).

Defendant has not shown that the interests of justice require appointing counsel at this time. Whether Defendant qualifies for a reduction based on his criminal history points is a narrow and uncomplicated issue. Moreover, Defendant has proved capable of representing himself, as he sought and received a sentencing reduction in 2017, all without counsel. *See* Dkt. 556.

Accordingly, it is **ORDERED** that Defendant Jose Manuel Zuniga's motion for appointment of counsel (Dkt. 584) is **DENIED**.

Signed on March 25, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

2